O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN A. FAURE,                          )        CASE NO. ED CV 13-00884 RZ
                                        )
                    Plaintiff,          )
                                        )
          vs.                           )        MEMORANDUM OPINION
                                        )        AND ORDER
CAROLYN W. COLVIN, Acting               )
Commissioner of Social Security,        )
                                        )
                    Defendant.          )
_____)

          Plaintiff John Faure returns to this Court after a remand to the Social Security
Commissioner, now arguing that the most recent Administrative Law Judge made two
errors in determining that he was not disabled.    First, Plaintiff asserts that the
Administrative Law Judge should have found that he met or equaled Listing 1.03, and
therefore that he was disabled.  Second, Plaintiff asserts that the Administrative Law Judge
wrongly discounted the opinions of the treating physician.  The Court finds no error.

          A person meeting one of the listings in the Listing of Impairments, 20 C.F.R.
Part 404, Subpart P, Appendix I, is deemed disabled without further inquiry.  *Lewis v.
Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  Listing 1.03 is for persons who have had
reconstructive surgery or surgical arthrodesis (joint fusion) of a major weight-bearing joint.
There is no evidence that Plaintiff had such surgery.  Rather, he had arthroscopic surgery
to deal with a torn meniscus.  [AR 1449]  Therefore, Plaintiff did not meet the Listing.

Nor did Plaintiff *equal* the Listing.  The listing states in its entirety:

> 1.03.  *Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint*, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

To equal a listing, a person must present medical findings equal in severity to each of the requirements of the listing.  *Kennedy v. Colvin*, 738 F.3d 1172 (9th Cir. 2013); *Sullivan v. Zebley*, 493 U.S. 521 (1990).  Plaintiff does not show any medical findings equal in severity to having reconstructive surgery or surgical arthrodesis.  He offers no plausible theory that there is such medical equivalence, *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001); *Kennedy, supra*, 738 F.3d at 1177.  Unlike in *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990), Plaintiff here has identified no alternative test or other medical findings that, if evaluated, might lead to a conclusion of medical equivalence.  Under those circumstances, the Administrative Law Judge was not required to make any further equivalence determination than he did.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Accordingly, Plaintiff is not entitled to relief on his claim that the Administrative Law Judge should have found that he met or equaled Listing 1.03.

Plaintiff also complains that the Administrative Law Judge did not respect the opinion of treating physician Dr. Ahmed.  An administrative law judge is not required to adopt the treating physician's opinion, so long as he gives specific and legitimate reasons for his decision.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989).  Here, although Plaintiff does not specify *which* opinion he thinks the Administrative Law Judge wrongly discounted, the Administrative Law Judge had sufficient evidence to support the finding of Plaintiff's residual capacity, and of Plaintiff's ability to perform work in the economy.

He relied on the medical expert to help him evaluate the medical evidence, as he was privileged to do.  *Richardson v. Perales,* 402 U.S. 389, 408 (1971).  The medical expert did not think that Plaintiff was in need of a total knee replacement [AR 1493] , and thought that Dr. Ahmed's assessment of Plaintiff was unduly restrictive.  [AR 1485]  He pointed to objective evidence for his conclusion and, both because he was an orthopedist and because he testified consistently with the record, his opinion could be given great weight.  *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002).  Plaintiff also complains that the Administrative Law Judge did not comment on a check-the-box form that Dr. Ahmed provided, but does not specify a particular opinion therein that needed discussion.  In any event, an administrative law judge is not required to discuss every piece of evidence.  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Neither of Plaintiff's claims merits relief.  The decision of the Commissioner is affirmed.

DATED:   April 1, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE